## ISAAC DUNCAN v. LEONARD BULLOCK.

Where the petition seeks to enjoin, supersede, or discharge by set-off, a judg-
ment of a Justice of the Peace, in the hands of an alleged assignee, the
plaintiff in the judgment is a proper party to the suit.

See this case as to prayer for citation.

Quere, whether an allegation of information and belief is not sufficiently cer-
tain, ordinarily, where the pleading is required to be supported by affidavit.

Where the defendant in a judgment in a Justice's Court, became the Justice of
the Peace of that precinct, and refused to issue execution on the judgment,
and took an assignment of a judgment which he, himself, had rendered
against the plaintiff in the judgment against him, and was proceeding to en-
force its collection, this Court held that the plaintiff in the first judgment
could sustain a suit in the District Court to set-off one judgment against the
other, and that a writ of *certiorari* and supersedeas was proper auxiliary
process.

Appeal from Austin. Tried below before the Hon. James
H. Bell.

Petition filed February 5th, 1856, as follows:

The petition of Isaac Duncan, a citizen of the county of
Austin, praying for an injunction and *certiorari* in a suit lately
decided in Austin county, before William Cooke, a Justice of
the Peace, in beat No. 1, in Austin county, wherein Leonard
Bullock was plaintiff, and petitioner defendant, on the 1st Sat-
urday in October, 1855, when and where judgment was enter-
ed up against your petitioner for the sum of thirty dollars
principal, and three dollars and ten cents, costs and interest,
respectfully represents that heretofore, on the 1st Saturday in
June, 1855, before James Hillyard, a Justice of the Peace in
beat No. 1 in Austin county, petitioner obtained a judgment
against the said Cooke, for the sum of $80 ; that the said

Cooke then and there took a stay of execution upon said judgment, and executed the proper bond, and that subsequently, and before the expiration of said stay, the said Hillyard resigned his office, and the said Cooke was elected his successor, and received from the said Hillyard his docket and papers; that at the expiration of the stay upon said judgment, your petitioner, by his attorney, applied to the said Cooke for an execution; that the said Cooke refused to issue the execution, but falsely and fraudulently promised petitioner's attorney to pay the same by or before the time that an execution would be legally returnable. Now your petitioner represents that, previous to the rendition of the judgment first aforesaid, the said Cooke rendered a judgment against your petitioner for the sum of thirty dollars and fifty cents and costs in favor of Rosa Ann Burns, and that your petitioner prayed for and obtained a *certiorari* and supersedeas against said judgment, a copy of which is hereto annexed, marked exhibit " A," and prayed to be made a part of this petition. Petitioner represents that he is informed and believes that the said Cooke has become the owner of the judgment first aforesaid mentioned in favor of the said Leonard Bullock, and that in the month of January, A. D. 1856, the said Cooke issued two executions against your petitioner upon the aforesaid judgments, and appointed a special constable to execute the same. Petitioner represents that, understanding and believing that the judgment aforesaid of the said Bullock was the property of the said Cooke, he solicited and procured Jacob Hill to call on said Cooke and offer to deduct the amount of said judgment from the judgment in favor of your petitioner, and, if he refused, to tender the said Cooke the amount of the said judgment and costs in American gold, which the said Hill then and there did. But said Cooke refused to do either, unless petitioner would pay and satisfy the judgment in favor of the said Rosa Ann Burns, and which your petitioner had already enjoined because of its injustice. Petitioner further represents that said Cooke is now pursuing

your petitioner with said executions, thereby to seize and sell your petitioner's property to satisfy the same ; that the Judge of this District has lately died, and he therefore applies to the nearest judicial officer for relief. Wherefore, the premises considered, petitioner prays your Honor to grant him your writ of *certiorari* and injunction, commanding the said Cooke to send up a true transcript of the proceedings, and all the original papers in the suit of the said Leonard Bullock ; that he be enjoined from all further proceedings in the premises, and that, upon a final hearing, the said Cooke be condemned to pay your petitioner the balance of his judgment aforementioned, the sum of five hundred dollars damages for his false, fraudulent and contumacious conduct, and for the wrongs and injuries done your petitioner in the premises, &c.

There being no Judge of the first District, at that time, the petition was presented to Judge Gray, of the seventh District, by whom a *certiorari* was ordered, as prayed, upon giving bond in the sum of $200. Bond given and *certiorari* issued. Citation issued for Bullock and returned served.

Bullock filed a general demurrer, and assigned special causes, as follows :

1st. That said petition does not allege that any error was committed by said Justice on the trial of said cause ; neither does it show by any allegation of facts, that any error was committed.

2d. It does not show that any injustice was done petitioner in said judgment.

3d. It does not show that the petitioner was deprived by said Justice of any defence, nor does it allege that petitioner attempted to make any defence, nor does it even allege that he had any defence to offer to said suit.

4th. It appears that application was not made for said writ of *certiorari* within ninety days from the time when said judgment was rendered, nor does it give any reason why application was not sooner made.

5th. It appears from the transcript sent up by the Justice, who tried said cause, that petitioner had, within ten days from the rendition of the judgment, given security according to law for a stay of execution.

Exceptions sustained, and petition dismissed.

*B. C. Franklin*, for appellant.

*G. W. Smith*, for appellee.

WHEELER, J. The defendant Bullock was a proper party to the suit, inasmuch as it was proposed to enjoin a judgment rendered in his favor. Although process of citation was not prayed against him, he was cited and appeared; and the only question is whether the petition was rightly dismissed on his motion. We think not. The exceptions to the petition suppose it to have been designed to remove the case into the District Court for a new trial. But that was not its object; and neither the Statute prescribing a limit to proceeding by *certiorari*, nor the practice relative to that proceeding are applicable. The *certiorari* was only to bring before the Court the record of the judgments which it was proposed to set off one against the other. The proceeding was to compel the defendant Cooke to admit the set-off. If it was true that the judgment had been assigned to him, it was the right of the plaintiff to have his judgment set-off against it.

The fact of the assignment of the judgment is not as clearly and distinctly stated as it might have been, but the exceptions did not question the sufficiency of the averment. Nor was the fact of the assignment denied. It must therefore be taken to be true. The petition might have been objected to on the ground that it did not pray process of citation against Cooke. But it was not too late to amend in that particular.

If the petition be true, the plaintiff has merits. The excep-

tions were not tenable ; and we are of opinion that the Court erred in dismissing the case. The judgment is reversed and the cause remanded.

Reversed and remanded.